IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF JACOB M. DAU, by and through its Administrator Connie Boone; CONNIE BOONE, individually and as next friend of R.D. and T.D.; TIMOTHY DAU, individually and as next friend of R.D. and T.D.; and MADISON DAU, individually, | ) ) ) ) ) ) | Case No. 3:21-cv-00046 |
| Plaintiffs, | ) | DEFENDANTS' ANSWER |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER RYAN LIVESAY, individually and in his official capacity as a police officer for the City of Clinton, Iowa; OFFICER BRENNEN ROLING, individually and in his official capacity as a police officer for the City of Clinton, Iowa; and the CITY OF CLINTON, IOWA, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Defendants, by and through the undersigned counsel, hereby state as follows in response to Plaintiffs' complaint:

**INTRODUCTORY STATEMENT**

1.      Paragraph 1 does not contain any allegations against these Defendants.

2.      Paragraph 2 does not contain any allegations against these Defendants.

3.      Defendants deny paragraph 3.

**JURISDICTION AND VENUE**

4.      Paragraph 4 does not contain any allegations but rather contains a legal conclusion. To the extent it contains an allegation, it is denied.

5.      Defendants admit paragraph 5 in that Livesay and Roling were and are employed as police officers by the City of Clinton.  All other allegations are denied.

**PARTIES**

6.      Defendants replead the above paragraphs as if fully set forth herein.

7.      Defendants deny paragraph 7 for lack of information sufficient to form a belief.

8.      Defendants deny paragraph 8 for lack of information sufficient to form a belief.

9.      Defendants deny the allegations contained in paragraph 9 for lack of information;

however, admit that Jacob Dau died on or about April 7, 2020.

10.     Defendants deny paragraph 10 for lack of information sufficient to form a belief.

11.     Defendants deny paragraph 11 for lack of information sufficient to form a belief.

12.     Defendants deny paragraph 12 for lack of information sufficient to form a belief.

13.     Defendants deny paragraph 13 for lack of information sufficient to form a belief.

14.     Defendants deny paragraph 14 for lack of information sufficient to form a belief.

15.     Defendants admit Ryan Livesay was and is a resident of Clinton County, Iowa,

and was and is employed as a police officer for the City of Clinton, Iowa. All other allegations

are denied.

16.     Defendants admit Brennen Roling is a resident of Clinton County, Iowa, and was

and is employed as a police officer for the City of Clinton, Iowa. All other allegations are denied.

17.     Defendants admit that the City of Clinton is a municipality under Iowa Code §

670.1 (2020). All other allegations are denied.

**FACTUAL ALLEGATIONS**

18.     Defendants replead paragraphs 1-17 as if fully set forth herein.

2

19.     Defendants City and Roling admit paragraph 19. This paragraph contains no allegations against Defendant Livesay. To the extent this paragraph could be construed against him, all allegations are denied.

20.     Defendants City and Roling admit paragraph 20 in that Roling was familiar with Jacob Dau from prior interactions in the course of his duties as a police officer for the City of Clinton. All other allegations are denied.  Paragraph 21 contains no allegations against Defendant Livesay. To the extent this paragraph could be construed against him, all allegations are denied.

21.     Defendants admit paragraph 21 in that when Officer Roling activated his emergency warning equipment to initiate a traffic stop on Jacob Dau, he did not stop and fled in a motor vehicle. All other allegations in this paragraph are denied.

22.     Defendants admit paragraph 22 in that Jacob Dau committed multiple traffic violations and operated his vehicle above the posted speed limit as he fled from law enforcement in a motor vehicle. All other allegations in this paragraph are denied.

23.     Defendants admit paragraph 23 in that Livesay deployed stop sticks on the roadway. All other allegations in this paragraph are denied.

24.     Defendants deny paragraph 24.

25.     Defendant Livesay admits that he used deadly force against Jacob Dau and that he died.  All other allegations are denied.  Paragraph 25 contains no allegations against Defendants City and Roling. All other allegations are denied.

26.     Defendant Livesay admits that Jacob Dau sustained physical injuries but denies all other allegations. Paragraph 26 contains no allegations against Defendants City and Roling. To the extent this paragraph could be construed against them, all allegations are denied.

27.     Defendants deny paragraph 27. Jacob Dau could have pulled the vehicle over to the side of the road and surrendered to law enforcement. He did not do so. Dau's actions created an incident dangerous to the public and an emergency, including driving in the wrong lanes of traffic and nearly striking another motorist head-on.

28.     Defendants deny paragraph 28.

29.     Defendants deny paragraph 29.

## COUNT I

### USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 8 OF THE IOWA CONSTITUTION (Against Defendant Officer Livesay)

30.     Defendants restate paragraphs 1-29 as if fully set forth herein.

31.     Defendants deny paragraph 31.

32.     Defendant Livesay denies paragraph 32 in its entirety. This paragraph contains no allegations against Defendants City and Roling. To the extent this paragraph contains any allegations that could be construed against Defendants City and Roling, they are denied.

33.     Defendant Livesay denies paragraph 33 in its entirety. This paragraph contains no allegations against Defendants City and Roling. To the extent this paragraph contains any allegations that could be construed against Defendants City and Roling, they are denied.

34.     Defendant Livesay denies paragraph 34 in its entirety. This paragraph contains no allegations against Defendants City and Roling. To the extent this paragraph contains any allegations that could be construed against them, they are denied.

35.     Defendants City and Livesay admit paragraph 35 in that Livesay was acting under color of state law on April 7, 2020 and was on duty as a Clinton Police Officer.  All other allegations are denied. This paragraph contains no allegations against Defendant Roling. To the extent this paragraph contains any allegations that could be construed against him, they are denied.

36.     Defendants City and Livesay deny paragraph 36 and all subparagraphs in its entirety. This paragraph contains no allegations against Defendant Roling. To the extent this paragraph contains any allegations that could be construed against him, they are denied.

37.     Defendants City and Livesay deny paragraph 37 in its entirety. This paragraph contains no allegations against Defendant Roling. To the extent this paragraph contains any allegations that could be construed against him, they are denied.

38.     Defendants City and Livesay deny paragraph 38 in its entirety. This paragraph contains no allegations against Defendant Roling. To the extent this paragraph contains any allegations that could be construed against him, they are denied.

39.     Defendants City and Livesay deny paragraph 39 in its entirety. This paragraph contains no allegations against Defendant Roling. To the extent this paragraph contains any allegations that could be construed against him, they are denied.

40.     Defendants deny paragraph 40 and all subparagraphs in its entirety.

41.     Defendant Livesay denies paragraph 41. This paragraph contains no allegations Defendants City and Roling. To the extent it could be construed against them, it is denied in its entirety. Punitive damages are not available against Defendant City.

## COUNT II

### NEGLIGENCE/GROSS NEGLIGENCE PER SE – VIOLATION OF IOWA CODE § 321.231(5) (Against Defendant Roling)

42.     Defendants incorporate paragraphs 1-41 as if fully set forth herein.

43.     Defendants Roling and City deny paragraph 43 and all subparagraphs. This paragraph contains no allegations Defendant Livesay. To the extent this paragraph could be construed against him, all allegations are denied.

44.     Defendants Roling and City deny paragraph 44 and all subparagraphs. This paragraph contains no allegations Defendant Livesay. To the extent this paragraph could be construed against him, all allegations are denied.

45.     Defendant Roling denies paragraph 45. This paragraph contains no allegations Defendants City and Livesay. To the extent it could be construed against them, it is denied in its entirety. Punitive damages are not available against Defendant City pursuant to Iowa Code § 670.4(1)(e) (2020).

## COUNT III

### GROSS NEGLIGENCE (Against Defendant Officer Roling and Defendant City of Clinton)

46.     Defendants restate paragraphs 1-45 as if fully set forth herein.

47.     Defendants Roling and City deny paragraph 47 and all subparagraphs in its entirety. This paragraph contains no allegations Defendant Livesay. To the extent this paragraph could be construed against him, all allegations are denied.

48.     Defendants Roling and City deny paragraph 48 and all subparagraphs in its entirety. This paragraph contains no allegations Defendant Livesay. To the extent this paragraph could be construed against him, all allegations are denied.

49.     Defendants Roling and City deny paragraph 49. This paragraph contains no allegations Defendants Livesay. To the extent it could be construed against him, it is denied in its entirety. Punitive damages are not available against Defendant City pursuant to Iowa Code § 670.4(1)(e) (2020).  Gross negligence is not an actionable claim.

## COUNT IV

## RESPONDEAT SUPERIOR (Against Defendant City of Clinton)

50.     Defendants restate paragraphs 1-49 as if fully set forth herein.

51.     Defendant City admits that it employs and supervises Defendants Brennen Roling and Ryan Livesay.

52.     Defendants admit paragraph 52.

53.     Defendants admit paragraph 53 to the extent that Defendant City provides training and supervision for Officers Livesay and Roling.

54.     Defendants deny paragraph 54.

55.     Defendants deny paragraph 55. Defendant City states that it is well-settled that respondeat superior is not available against Defendant City for Plaintiffs' causes of action under 42 U.S.C. § 1983.

## COUNT V

### LOSS OF CONSORTIUM (Against All Defendants)

56.     Defendants restate paragraphs 1-55 as if fully set forth herein.

57.     Defendants deny paragraph 57 for lack of information.

58.     Defendants deny paragraph 58 for lack of information.

59.     Defendants deny paragraph 59 for lack of information.

60.     Defendants deny paragraph 60 for lack of information.

61.     Defendants deny paragraph 61 for lack of information.

62.     Defendants deny paragraph 62 for lack of information.

## COUNT VI

### JOINT AND SEVERAL LIABILITY (Against All Defendants)

63.     Defendants restate paragraphs 1-62 as if fully set forth herein.

64.     Defendants deny paragraph 64.

**Wherefore**, Defendants deny all causes of action, allegations, and requests for relief and all subparagraphs contained in Plaintiffs' prayer and pray this court dismisses Plaintiffs' complaint in its entirety with costs assessed to Plaintiffs, and any other relief the Court deems equitable and just in the circumstances.

### <u>AFFIRMATIVE DEFENSES</u>

1.     Defendant City is a municipality under Iowa Code § 670.1(2) (2020).

2.     Defendants Livesay and Roling, in their personal capacity, are entitled to qualified immunity.

8

3.      Defendants Livesay and Roling had a good faith, reasonable belief in the legality of their actions and in the type and level of any force used against Jacob Dau, such that each is entitled to immunity from any constitutional claims pursuant to <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987).

4.      Defendants owned no duty to Plaintiffs.  <u>See</u> <u>Morris v. Leaf</u>, 534 N.W.2d 388 (Iowa 1995) (holding under public duty doctrine the duty is a general duty to the public).

5.      The level of force and manner of any force used by Defendant Livesay was reasonable, lawful, and justified, and Livesay relies as an affirmative defense upon the justifications for such use of force as set forth under the Iowa Code, including but not limited to Iowa Code sections 704.1, 704.2, 704.3, 704.7, 704.10, 704.12, 704.13, 804.8, and/or 804.13 (2020).

6.      Defendants are immune from liability for Plaintiffs' state law tort claims under discretionary function immunity pursuant to Iowa Code section 670.4(1)(c) (2020).

7.      Defendants are immune from liability for Plaintiffs' state law tort claims under emergency response immunity pursuant to Iowa Code section 670.4(1)(k) (2020). *See supra.*

8.      Defendants City and Roling are entitled to the emergency vehicle defense pursuant to Iowa Code § 321.231 (2020).   *See supra.*

9.      To the extent plaintiff sustained any injuries or damages, such injuries or damages were not proximately caused by Defendants, but by other third-parties or events not within the direction or control of Defendants.

10.      For further answer and as an affirmative defense, Defendants submit that the Jacob Dau was at fault and that the fault of Dau either bars Plaintiffs from recovery damages in this

matter or, in the alternative, that his negligence shall be apportioned against the amount of damages, if any, which may be awarded in this matter, pursuant to the provisions of Iowa Code Chapter 668.

11.    Defendants deny that Plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of them.

12.    Jacob Dau did not surrender himself to law enforcement rather he fled and attempted to evade capture.

13.    Jacob Dau acted unreasonably in failing to avoid the injuries for which Plaintiffs complain.

14.    Plaintiffs fail to state a claim upon which relief may be granted.

15.    Defendant City states that punitive damages are not available against the City pursuant to Iowa Code § 670.4(1)(e) (2020) and City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

16.    Defendants are immune pursuant to Iowa Code § 670.4(1)(d) (2020).

17.    Defendants Livesay and Roling are immune from personal liability for punitive damages as their acts or omissions do not constitute actual malice or willful, wanton, and reckless misconduct.  Iowa Code § 670.12 (2020).

18.    Plaintiffs fail to mitigate their damages, if any.

19.    Defendants reserve the right to amend, modify, and/or assert any additional affirmative defenses supported by the facts or law.

SMITH MILLS
SCHROCK BLADES P.C.

By:     /s/ Skylar J. Limkemann
_____
Skylar J. Limkemann  AT0012324
118 3rd Ave SE, Suite 200
P. O. Box 36
Cedar Rapids, IA 52406-0036
Telephone:   (319) 286-1743
Fax:  (319) 286-1748
Email: slimkemann@smithmillslaw.com

SMITH MILLS
SCHROCK BLADES P.C.

By:     /s/ David E. Schrock
_____
David E. Schrock AT0006969
118 3rd Ave SE, Suite 200
P. O. Box 36
Cedar Rapids, IA 52406-0036
Telephone:   (319) 286-1743
Fax:  (319) 286-1748
Email: dschrock@smithmillslaw.com
ATTORNEYS FOR DEFENDANTS


CERTIFICATE OF FILING


        I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of
Court using the CM/ECF System, which will send notification of such filing to the following:

J. Barton Goplerud
Brandon Bohlman
Shindler, Anderson, Goplerud & Weese, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265-5749
ATTORNEYS FOR PLAINTIFFS


                                    _____ /s/ Skylar J. Limkemann _____